In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00010-CR


______________________________




JESSE DWAYNE BLACK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court


Lamar County, Texas


Trial Court No. 51695




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Jesse Dwayne Black appeals his conviction for theft of less than fifty dollars after having
been previously convicted of theft. Black pleaded true to the prior conviction for theft. A jury found
Black guilty and assessed punishment at 180 days' imprisonment and a $2,000.00 fine. The trial
court sentenced Black consistent with the jury's verdict. Black's sole issue on appeal is that the
evidence is legally and factually insufficient. 

 In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls upon the court to view the relevant
evidence in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In our review, we must evaluate all of the evidence in the
record, both direct and circumstantial, whether admissible or inadmissible. Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999). 

 In a factual sufficiency review, we view all the evidence in a neutral light and determine
whether the evidence supporting the verdict is so weak that the jury's verdict is clearly wrong or
manifestly unjust or against the great weight and preponderance of the evidence. Roberts v. State,
220 S.W.3d 521 (Tex. Crim. App. 2007); see Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim.
App. 2006); see also Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006); Johnson, 23
S.W.3d at 7; Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). Though, in reviewing
factual sufficiency, we may second-guess the jury to a limited degree, our review should still be
deferential, and we must reach "a high level of skepticism about the jury's verdict" before we can
reverse for factual insufficiency. Roberts, 220 S.W.3d 521.

 Michelle Martinez, a cashier at a Dollar General store, testified that a man came into the store
and asked if they had any charcoal or lighter fluid. Martinez told the individual there was some
charcoal in the back of the store and some "out front on a blue rotainer (phonetic)." Martinez
testified that the man went to the back part of the store but returned without any lighter fluid. The
man then went "outside to the rotainer, grabbed a bag of charcoal, [and] took off running" toward
a vehicle. When Martinez yelled, "[h]e's stealing a bag of charcoal, or he's running out with
charcoal," Veronica Gilliam, a manager of the Dollar General store, pursued the man into the parking
lot. Gilliam testified she yelled at the man and waved her hands trying to get the man to stop. 
Martinez testified the man drove off in a green or dark blue truck. Gilliam testified the man drove
off in a green truck. Martinez testified she got a "good look" at the man who stole the charcoal. At
trial, Martinez identified Black as the man who stole the charcoal. At trial, Gilliam identified Black
as the individual who drove off. 

 Gilliam got the truck's license plate number as the man drove off. Approximately twenty to
thirty minutes after the theft, Officer Brandon Denison observed a turquoise pickup truck with the
same license plate number as the number observed by Gilliam. Officer Denison detained Black, who
was driving the truck. Martinez and Gilliam later identified Black as the shoplifter when the police
officers returned to the store with Black. In this identification, Black was sitting in the back of the
patrol car. Martinez and Gilliam observed Black through the store window. Officer Thomas
Brandenburgh, an officer with the Paris, Texas, Police Department, testified this identification
occurred from a distance of approximately twenty-five feet. 

 Officer Brandenburgh testified that Black denied being at the Dollar General store and
claimed he was next door to it at the Quick Pantry. Black consented to a search of his vehicle, which
did not reveal any charcoal. Gilliam testified she did not take an inventory to verify that a bag of
charcoal was missing. The police never recovered the charcoal.

 Black contends the State's evidence failed to prove he was the person who committed the
crime in question. Black argues that Gilliam testified she did not see the theft occur and Martinez
expressed some doubt about her identification. Gilliam testified she did not see the man steal the
charcoal, but merely observed him driving away. On cross-examination, Martinez testified that,
when she identified Black in the back of the patrol car, she did not get a close look at Black. On re-direct, Martinez was asked:

 Q. [State] . . . is there any doubt in your mind that the man sitting over
there by Mr. Massar, the one you identified as Jesse Black was the same person that
stole the charcoal from Dollar General that day?


 A. [Martinez] I believe so, yes.


At best, Martinez's answer is ambiguous and susceptible to multiple interpretations. Black argues
Martinez's answer could be interpreted as entertaining some doubt that Black was the person who
committed the offense in question. Martinez, though, testified on direct examination that she had
no doubt Black was the shoplifter. 

 Viewed in a light most favorable to the verdict, the evidence is legally sufficient. Black was
identified by Martinez as the shoplifter and by Gilliam as the individual who drove off. The license
plate of Black's truck matched the number observed by Gilliam at the scene. A rational juror could
have found the essential elements of the crime beyond a reasonable doubt. Viewed in a neutral light,
we are unable to reach the high level of skepticism required to second-guess the jury. The evidence
that Black was the person who committed the theft in question is not so weak that the jury's verdict
is clearly wrong or manifestly unjust. The evidence is factually sufficient.

 For the reasons stated, we affirm the judgment.



 Bailey C. Moseley

 Justice


Date Submitted: July 3, 2007

Date Decided: July 5, 2007


Do Not Publish



>Bd. of
Adjustment of City of San Antonio v. Wende, 92 S.W.3d 424, 429 (Tex. 2002).
2. When the record in this case was originally presented for filing, we contacted the parties and
warned them of the potential defect in appellate jurisdiction, but because of the lack of clarity in the
record before us, we chose not to address that issue until after receiving briefing from the parties.
3. Although the City filed a pleading raising sovereign immunity in avoidance of that claim,
there is no ruling on that matter, it was not mentioned in the City's motion for summary judgment,
and Stephens nonsuited the claims against the City.
4. Compare Tex. Health Care Information Council v. Seton Health Plan, Inc., 94 S.W.3d 841,
851 (Tex. App.--Austin 2002, pet. denied) (reviewing denial of motion for summary judgment
seeking issuance of a permanent injunction, based upon the cross-motion filed by the opposing
party).

5. We do not mean to suggest that a denial of a summary judgment which has the effect of
denying a request for issuance of a temporary injunction--but based only on summary judgment
proof--is appealable. That question is not before us.